Michael Zoldan; AZ Bar No. 028128
Jessica Miller; AZ Bar No. 031005
**ZOLDAN LAW GROUP, PLLC**
8100 East Indian School Road
Suite 103
Scottsdale, AZ 85251
Tel & Fax: 480.442.3410
MZoldan@ZoldanGroup.com
JMiller@ ZoldanGroup.com

Attorneys for Plaintiff
Krista Marianino

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Krista Marianino**, an Arizona resident, | Case No. |
| Plaintiff, | |
| v. | |
| **Badada Inn and Suites, Inc.** *d/b/a* **Quality Inn**, an Arizona Corporation; **Days Inn and Suites of Surprise, Inc.**, an Arizona Corporation; **TriStar Hotel Group**, **LLC**, an Arizona Limited Liability Company; **Anilkumar Patel**, an Arizona Resident; **Anita Patel**, an Arizona Resident, **Rick Tomljenovic**, an Arizona Resident, | VERIFIED COMPLAINT<br><br>**(Jury Trial Requested)** |
| Defendants. | |

Plaintiff Krista Marianino ("**Marianino**"), for her complaint against Defendants Badada Inn and Suites, Inc. *d/b/a* Quality Inn ("**Quality Inn**"), Days Inn and Suites of Surprise, Inc. ("**Days Inn**"), Tristar Hotel Group, LLC ("**Tristar**"), Anilkumar Patel, Anita Patel, and Rick Tomljenovic, (collectively referred to as "**Defendants**") hereby alleges as follows:

**PARTIES**

1. Plaintiff Marianino is, and at all times relevant hereto was, a resident of Maricopa County, Arizona. At all times relevant to this lawsuit, Marianino was an "employee" of Defendants Days Inn, Quality Inn, and Tristar as defined in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("**Title VII**"), and the Arizona Employment Protection Act ("**AEPA**"), A.R.S. § 23-1501.

2. At all times relevant to this lawsuit, Marianino was an "employee" of all Defendants as defined in the Fair Labor Standards Act ("**FLSA**"), 29 U.S.C. § 201, *et seq* and A.R.S. § 23-401.

3. Defendants Quality Inn and Days Inn are Arizona Corporations with their principal place of business in Maricopa County, Arizona. At all times relevant hereto, Quality Inn and Days Inn were Plaintiff's employers as defined in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("**Title VII**"), A.R.S. § 23-401, the Arizona Employment Protection Act ("**AEPA**"), A.R.S. § 23-1501, and the Fair Labor Standards Act ("**FLSA**"), 29 U.S.C. § 201, *et seq*.

4. Defendant Quality Inn is a franchise of Choice Hotels International, Inc. and operates as a hotel in Maricopa County, Arizona under the trade name Quality Inn. Plaintiff was employed as General Manager of Quality Inn at 16741 N. Greaswood Street, Surprise, Arizona 85374.

5. Defendant Days Inn is a franchise of Wyndham Hotel Management Corporation, Inc. and operates as a hotel in Maricopa County, Arizona. Plaintiff was employed as General Manager of Days Inn at 12477 W. Bell Road, Surprise, Arizona 85374.

6. Defendant Tristar is a limited liability company with its principal place of business in Maricopa County, Arizona. Tristar is a hotel management company that provides staffing and management services to hotels in the state of Arizona. At all times relevant hereto, Tristar was Plaintiff's employer as defined in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("**Title VII**"), A.R.S. § 23-401, A.R.S. § 23-401, the Arizona Employment Protection Act ("**AEPA**"), A.R.S. § 23-1501, and the Fair Labor Standards Act ("**FLSA**"), 29 U.S.C. § 201, *et seq.*

7. Defendants Anilkumar and Anita Patel are, upon information and belief, husband and wife. They have caused events to take place giving rise to this action as to which their marital community is fully liable. As defined in the FLSA and A.R.S. § 23-401, Defendants Anilkumar Patel and Anita Patel are employers and "persons." The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendants Anilkumar Patel and Anita Patel are the owners of Defendants Days Inn and Quality Inn. They were responsible for taking adverse employment action against Plaintiff in retaliation for her complaints and are therefore individually liable under the FLSA. At all times relevant to this Complaint, Anilkumar Patel and Anita Patel had direct supervisory authority over Marianino.

8. Under the FLSA and A.R.S. § 23-401, Defendant Rick Tomljenovich is an employer and a "person" as defined in the FLSA. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendant Rick Tomljenovich is the owner of Tristar. He was responsible for taking adverse employment action against Plaintiff in retaliation for her complaints and is therefore individually liable under the FLSA. At all times relevant to this Complaint,

Rick Tomljenovich had direct supervisory authority over Marianino.

9. Defendants, and all of them, controlled the terms and conditions of Marianino's employment in that they, *inter alia*, hired Marianino, fired Marianino, controlled her salary and benefits, reviewed her performance, and otherwise communicated with her on an almost daily basis regarding various aspects of her employment. Plaintiff asserts these claims against all Defendants as they are each individually and jointly liable for the causes of action set forth herein. Defendants are employers for purposes of Title VII, AEPA, A.R.S. § 23-401, and FLSA. Defendants, and all of them, are "joint employers" as each controlled the terms and conditions of Plaintiff's employment.

## JURISDICTION AND VENUE

10. This action is brought to remedy discrimination on the basis of sex in the terms, conditions, and privileges of employment in violation of Title VII.

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this Complaint states a federal question. All acts complained of herein occurred in Maricopa County, Arizona, and this Court has jurisdiction over the parties and subject matter set forth in this complaint pursuant to the Title VII and the FLSA.

12. This Court has supplemental jurisdiction over Plaintiff's state law claims because they are so related to the claim in the action having original jurisdiction that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

13. The employment practices alleged to be unlawful were committed within, and had their primary effect in, the jurisdiction of the United States District Court for the District of Arizona.

14. Marianino has exhausted all administrative and statutory prerequisites necessary to commence this action.

15. Jurisdiction in this Court is proper.

16. Venue in this Court is proper.

## **FACTUAL ALLEGATIONS**

17. Marianino commenced employment with Defendants on or about November 15, 2014. She was hired as the general manager at Days Inn and Quality Inn through Tristar.

18. It became immediately apparent to Marianino that the hotel's owner, Anilkumar Patel ("**Patel**"), took issue with the fact that Marianino is a woman.

19. Patel's discriminatory conduct included, *inter alia*: he refused to shake her hand or make eye contact with her; he would not speak to her and made her communicate with him through male TriStar employees; he forced her to clean his own feces with nothing but a mop and a washcloth despite the fact that she is not janitorial staff; he aggressively snatched the phone out of her hand when she was reporting operational deficiencies to TriStar.

20. Treatment such as this occurred on a daily basis and materially impacted Marianino's work environment.

21. Marianino complained to Tristar regarding Patel's conduct on multiple occasions, expressly complaining that it amounted to gender discrimination.

22. One of Marianino's contacts at TriStar, Duane Cristion, confirmed her suspicions that Patel treated her with contempt because she is female. He explained that because Patel is Hindu, he treats women as inferior and that Marianino should not be

offended because it's "just his culture." He encouraged her not to take it personally.

23. Defendants did not investigate Marianino's complaints of gender discrimination and otherwise only responded with complete indifference.

24. Despite Patel's indignant attitude, Marianino was determined to convert the facility into a successful business.

25. Indeed, throughout her employment with Defendants, she doubled occupancy and revenue in just three months.

26. However, while trying to ensure compliance with state and federal law, Marianino discovered that the Days Inn and Quality Inn facilities were egregiously out of code with respect to fire safety.

27. For example, the third-floor sprinklers don't work and many of the fire extinguishers were either inoperable or expired.

28. She also attempted to maintain compliance with state and federal law requiring accessibility to disabled individuals but was ignored.

29. She was instructed to use old perishable food items for customers' breakfasts, the food-preparation area was too disgusting to use, and there was a bed-bug infestation that went ignored for three weeks and rapidly spread throughout the facility.

30. Marianino had been threatened by several guests—including one guest who brandished a gun at her—there were frequent break-ins to automobiles parked on the property, and she discovered illegal drugs in some of the rooms after guests had checked out. She requested security many times and was likewise ignored on every occasion.

31. Marianino complained about these health and safety violations to Defendants.

32. After emailing her complaints, Marianino was instructed not to memorialize potential violations of the law via email, but rather to call Tristar and only discuss her complaints over the phone.

33. Marianino also complained that employees were not being compensated consistent with work performed.

34. For example, employees that hand-wrote hours instead of punching in hours would not be paid for hours worked and any employee with computation errors in charging customers would be responsible for paying for the deficiency out of their own pocket.

35. Marianino also discovered that Patel was not paying overtime to employees.

36. Defendants directed Quality Inn employees to clock in at Days Inn for any hours worked in excess of 40 in order to avoid paying overtime.

37. Marianino expressly complained to Defendants that this was an unlawful business practice on February 3, 2015.

38. When this complaint was not adequately addressed, Marianino followed up with Defendants on February 9, 2015.

39. Similar to her other complaints regarding gender discrimination and other violations of state regulations and federal law, these violations of law were not adequately addressed.

40. Only one week after her email complaint regarding Defendants' violations of the Fair Labor Standards Act, Defendants terminated Marianino.

41. Defendants did not offer any legitimate reason for her termination and

simply claimed that "Patel didn't like her."

42. Defendants' claimed justification for Marianino's termination is pretextual.

43. Given Marianino's stellar work performance, lack of discipline, and diligence in identifying the unlawful activities being perpetuated by Defendants, it is evident that Marianino's termination was in retaliation for her complaints.

44. Defendants failed to investigate her legitimate complaints, which is indicative of pretext.

45. The temporal proximity between her lawful complaints and termination are alone sufficient to establish causation and are likewise indicative of pretext.

46. As joint employers, all Defendants are liable to Marianino for her unlawful termination.

## COUNT I
## GENDER DISCRIMINATION IN VIOLATION OF TITLE VII

47. Plaintiff reasserts and realleges each and every assertion and allegation in this complaint as fully set forth herein.

48. Plaintiff asserts this claim against Defendants Quality Inn, Days Inn, and Tristar as they are each individually and jointly liable for creating and condoning a hostile work environment due to the severe and pervasive nature of the harassment she endured and her unlawful termination.

49. A prima facie case of gender discrimination in violation of Title VII may be established by proof of the following: (1) Plaintiff belongs to a protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably.

50. Plaintiff belongs to a protected class in that she is woman. Likewise,

Plaintiff was qualified, if not over-qualified, for her position with Defendants.

51. Tristar, Quality Inn, and Days Inn are employers for purposes of Title VII, and are "joint employers" as each controlled the terms and conditions of Marianino's employment.

52. Plaintiff was subjected to an adverse term of employment by Defendants.

53. Other individuals outside of Plaintiff's protected class were treated more favorably.

54. As a result, Plaintiff was harmed in an amount to be proven at trial.

## COUNT II
## RACE DISCRIMINATION IN VIOLATION OF TITLE VII

55. Plaintiff reasserts and realleges each and every assertion and allegation in this complaint as fully set forth herein.

56. Plaintiff asserts this claim against Defendants Days Inn, Quality Inn, and Tristar as they are each individually and jointly liable for creating and condoning a hostile work environment due to the severe and pervasive nature of the harassment she endured and her unlawful termination.

57. Plaintiff is a different race than Defendants Anilkumar Patel and Anita Patel.

58. Plaintiff was treated disparately because she is a different race than Aniklumar Patel and Anita Patel.

59. Plaintiff was discriminated against because she is Caucasian.

60. This disparate treatment generated a hostile work environment for Plaintiff

61. Days Inn, Quality Inn, and Tristar are employers for purposes of Title VII, and are "joint employers" as each controlled the terms and conditions of Marianino's

employment.

62. Defendants condoned this disparate treatment and hostile work environment, neglecting their duties as employers under Title VII.

63. Plaintiff was subjected to an adverse term of employment by Defendants.

64. As a result, Plaintiff was harmed in an amount to be proven at trial.

## COUNT III
## RETALIATION IN VIOLATION OF TITLE VII

65. Plaintiff reasserts and realleges each and every assertion and allegation in this complaint as fully set forth herein.

66. Plaintiff asserts this claim against Defendants Days Inn, Quality Inn, and Tristar as they are each individually and jointly liable for her wrongful termination.

67. It shall be an unlawful employment practice for an employer to discriminate against any of its employee . . . because she has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter. 42 U.S.C.A. § 2000e-3.

68. Days Inn, Tristar, and Quality Inn are employers for purposes of Title VII, and are "joint employers" as each controlled the terms and conditions of Marianino's employment.

69. Plaintiff was an employee of Days Inn, Quality Inn, and Tristar for purposes of Title VII.

70. Plaintiff made numerous complaints to Defendants opposing gender discrimination and race discrimination against her in the workplace, exercising protected activity.

71. In response to her complaints, Plaintiff was subjected to adverse employment actions including, inter alia, termination.

72. As a result, Plaintiff was harmed in an amount to be proven at trial.

## COUNT IV
## RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

73. Plaintiff reasserts and realleges each and every assertion and allegation in this complaint as fully set forth herein.

74. Plaintiff asserts this claim against all Defendants as they are each individually and jointly liable for her wrongful termination.

75. The Fair Labor Standards Act prohibits retaliation for complaints made to the employer that employees aren't being compensated consistent with the terms of the Act. 29 U.S.C. § 215.

76. Defendants are employers for purposes of the FLSA, and are "joint employers" as each controlled the terms and conditions of Marianino's employment.

77. Plaintiff was an employee of each Defendant for purposes of the FLSA.

78. Plaintiff made numerous complaints to Defendants on behalf of other employees opposing FLSA violations in the workplace, exercising protected activity.

79. In response to her complaints, Plaintiff was subjected to adverse employment actions including, inter alia, termination.

80. As a result, Plaintiff was harmed in an amount to be proven at trial.

## COUNT V
## RETALIATION IN VIOLATION OF A.R.S. § 23-425

81. Plaintiff reasserts and realleges each and every assertion and allegation in this complaint as fully set forth herein.

82. Plaintiff asserts this claim against all Defendants as they are each individually and jointly liable for her wrongful termination.

83. Arizona Revised Statutes section 23–425 prohibits adverse employment action against an employee who has made a complaint with respect to occupational safety and health standards.

84. Defendants are employers for purposes of A.R.S. § 23-401, and are "joint employers" as each controlled the terms and conditions of Marianino's employment.

85. Plaintiff was an employee of each Defendant.

86. Plaintiff made numerous complaints to Defendants that several workplace conditions and activities violated occupational safety and health standards, exercising protected activity.

87. Defendants violated A.R.S. § 23-425 by terminating Marianino's employment in retaliation for her reasonable complaints.

88. Plaintiff reasonably believed that Defendants were violating occupational safety and health standards.

89. Plaintiff disclosed the violations to Defendants in a reasonable manner on multiple occasions.

90. Plaintiff disclosed these violations of law to individuals in managerial or supervisory positions that had the authority to investigate or take action to prevent further violations.

91. In response to her complaints, Plaintiff was subjected to adverse employment actions including, inter alia, termination.

92. As a result, Plaintiff was harmed in an amount to be proven at trial.

## COUNT VI
## RETALIATION IN VIOLATION OF A.R.S. § 23-1501

93. Plaintiff reasserts and realleges each and every assertion and allegation in this complaint as if fully set forth herein.

94. At all relevant times, Marianino was an employee under A.R.S. § 23-1501.

95. At all relevant times, Tristar, Quality Inn, and Days Inn were employers under A.R.S. § 23-1501.

96. Tristar, Quality Inn, and Days Inn violated A.R.S. § 23-1501(3)(c)(ii) by terminating Marianino's employment in retaliation for her disclosure in a reasonable manner that she had information or a reasonable belief that the employer, or an employee of the employer, has violated, is violating, or will violate Arizona law to either the employer or a representative of the employer who the employee reasonable believes is in a managerial or supervisory position and has the authority to investigate the information provided by the employee and to take action to prevent further violations of Arizona law.

97. These complaints are exclusive from, and in addition to, all other complaints regarding FLSA, Title VII, and AEPA claims expressly referenced herein.

98. Plaintiff reasonably believed that Tristar, Quality Inn, and Days Inn were violating Arizona statutes or the constitution of this state.

99. Plaintiff disclosed the violations of law to Tristar, Quality Inn, and Days Inn in a reasonable manner on multiple occasions.

100. Plaintiff disclosed these violations of law to individuals in managerial or supervisory positions that had the authority to investigate or take action to prevent further violations.

101. Plaintiff was terminated for making these complaints.

102. Plaintiff was damaged in an amount to be proven at trial.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court order such relief as is necessary to make her whole, including, without limitation:

A. Granting a judgment requiring Defendants to pay appropriate back wages and front wages, and benefits, in an amount to be determined at trial, and prejudgment interest;

B. Ordering Defendants to make whole Plaintiff by providing the affirmative relief necessary to eradicate the effect of its unlawful practices;

C. Ordering Defendants to provide compensation to Plaintiff for non-pecuniary losses, including pain, suffering, and humiliation resulting from Defendants' conduct set forth herein;

D. Ordering Defendants to pay Plaintiff punitive damages for Defendants' malicious and reckless retaliatory conduct set forth above; and

E. Ordering Defendants to pay Plaintiff for attorney's fees; and

F. Granting such further relief as the Court deems necessary and proper in the public interest.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTUFLLY SUBMITTED August 17, 2015.

**ZOLDAN LAW GROUP, PLLC**

By: /s/  Michael Zoldan
    8100 E. Indian School Road, Suite 103
    Scottsdale, AZ 85251
    Attorneys for Plaintiff Krista Marianino

## VERIFICATION

Plaintiff Krista Marianino declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

*Krista Marianino* (signature)

Krista Marianino